## CORPORATION COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

H. M. Simon

### November 22, 1922

By JUDGE WILLIAM H. SARGEANT

The accused is charged with perjury pursuant to the provisions of Section 4493 of the Code of Virginia in that before a Notary Public on the 16th day of January, 1922, he made a certain false affidavit for loss under a policy of insurance on an automobile. The case stands on demurrer. The accused admits as true the facts set forth in the indictment and asserts on these facts no perjury was committed. This brings squarely before the Court two questions; first, is the oath of loss under a policy of insurance upon an automobile a "gratuitous" affidavit not required or authorized by law; second, is a "gratuitous" affidavit or one provided for by law in a case of perjury? Section 4493 of the Code of Virginia in regard to perjury is as follows:

> *What deemed perjury.* If any person, to whom an oath is lawfully administered on any occasion, wilfully swear falsely on such occasion touching any material matter or thing, or if a person falsely make oath that any other person is twenty-one years of age, in order to obtain a marriage license for such other person, he shall be guilty of perjury. (Code 1887, § 3741.)

Considering the first of these queries, namely, as to whether the affidavit of loss was authorized by

law, we are confronted with Section 274 of the Code of Virginia in regard to Notaries, which provides as follows:

> *When justice and other officers may administer oaths and take affidavits.* Any oath or affidavit required by law, which is not of such a nature that it must be made in court, may be administered by, or made before, a justice and certified by him, unless otherwise provided; and in any case in which an oath might be administered by, or an affidavit made before a justice, the same may be administered by or made before a notary, a commissioner in chancery, a commissioner appointed by the Governor, or a court or clerk of a court, or clerks of city councils, common councils or boards of aldermen; or in case of a survey directed by a court in a cause therein pending, by or before the surveyor directed to execute said order of survey. (Code 1887, Section 173; 1906, p. 253.)

Now, the authority of a Notary to administer an oath is purely statutory. In the absence of a statute the Notary has no authority to take an affidavit. (29 Cyc. 1083). Section 274 of the Code, when reasonably construed, only authorizes the Notary to take an affidavit when it is required by law to be taken before a Justice. There does not appear to be any statutory authority for an affidavit of loss under such a policy of insurance, either before a justice or a Notary. True a statute effective subsequent to the offense, Acts of 1922, page 442, covers in such cases affidavits of loss under sick benefit policies or certificates and sections 4269 and 4304 of the Code cover other affidavits of loss than the one in question, but these very statutes indicate a casus omissus requiring legislative action in this regard. The conclusion reached by this court as to the first query is that the affidavit in question was not provided for by law or in the language of the cases, was "gratuitous."

As to the second point involved, namely, the sufficiency of a gratuitous affidavit in a charge of perjury. The Virginia Statute in regard to perjury, Section 4493, is to be construed strictly as a penal statute. Formerly

in such a case it was required that the oath should have been taken in a judicial proceeding. By this statute "any occasion" suffices but it is required by the statute that the oath shall be lawfully administered. As there was no requirement or provision of law for the administering of this oath by the Notary and as under Section 274 the Notary was only authorized to take such affidavits as are required by law, the court is of opinion that the affidavit was not lawfully administered as required by Section 4493. The demurrer is sustained.